IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

ARTHUR JAMES GRIFFIN JR.,

          Petitioner,

vs.

MIKE MEYERS,

          Respondent.

**8:25CV28**

**MEMORANDUM AND ORDER**

      This matter is before the Court on Petitioner Arthur James Griffin Jr.'s ("Griffin") Petition for Writ of Habeas Corpus, Filing No. 1, and Motion for Leave to Proceed in Forma Pauperis, Filing No. 4. Habeas corpus cases attacking the legality of a person's confinement require the payment of a $5.00 filing fee. 28 U.S.C. § 1914(a). However, after considering Petitioner's financial status as shown in the records of this Court (*see* inmate trust account statement at Filing No. 7), leave to proceed in forma pauperis will be granted and Petitioner is relieved from paying the filing fee. *See* 28 U.S.C. § 1915(a)(1). The Court now conducts an initial review of Griffin's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241[1] and will also consider Griffin's pending motion to update and amend exculpatory information, Filing No. 5. For the reasons discussed below, the Court will dismiss the petition without prejudice and deny Griffin's motion as moot.

      In his petition filed on January 27, 2025, Griffin alleges he is a pretrial detainee confined in the Douglas County Department of Corrections on a pending misdemeanor charge in "Docket# 25-1146." Filing No. 1 at 1

---

[1] The Court conducts this initial review of the petition pursuant to 28 U.S.C. § 2243 and Rule 1(b) of the *Rules Governing Section 2254 Cases in the United States District Courts* which allows the Court to apply Rule 4 of those rules to a section 2241 action.

(punctuation omitted). Griffin's sole ground for habeas relief reads: "Omaha Municipal Code: 20-154 Trespassing: Jones v. State, 909 A.2d 650, 395 Mo. 97 (Mo. App. 2006). . . . Omaha Municipal Code: 20-111 Ban & Bar Public Parks\Nuisance[.]" *Id.* at 6 (punctuation altered from original). As relief, Griffin requests "Tort-Claims." *Id.* at 7. In his motion to update and amend exculpatory information, Griffin merely cites to various provisions of the Omaha Municipal Code and several Nebraska Revised Statutes without any explanation as to their relevance to his habeas petition. Filing No. 5.

Griffin's state court records in *State v. Arthur Griffin*, Case No. CR25-1146, County Court of Douglas County, Nebraska, available to this Court online,[2] show that a criminal complaint was filed in Douglas County Court Case No. CR25-1146 on January 21, 2025, charging Griffin with misdemeanor trespass in violation of Omaha Municipal Code § 20-154. Griffin was appointed counsel by the state county court and the matter is set for trial on February 21, 2025.

To the extent Griffin may be seeking an award of damages for any "tort claims" related to his confinement, Griffin cannot do so in this federal habeas action as claims for damages related to a prisoner's conditions of confinement must be sought in an action pursuant to 42 U.S.C. § 1983. As the United States Supreme Court has explained:

> Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983. Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus, *Preiser v. Rodriguez*, 411 U.S.

---

[2] The Court takes judicial notice of the state court records related to this case in *State v. Arthur Griffin*, Case No. CR25-1146, County Court of Douglas County, Nebraska. *See Stutzka v. McCarville*, 420 F.3d 757, 761 n.2 (8th Cir. 2005) (court may take judicial notice of public records); Federal Rule of Evidence 201 (providing for judicial notice of adjudicative facts). Nebraska's judicial records may be retrieved on-line through the JUSTICE site, https://www.nebraska.gov/justice/case.cgi.

475, 500 (1973); requests for relief turning on circumstances of confinement may be presented in a § 1983 action.

*Muhammad v. Close*, 540 U.S. 749, 750 (2004).

To the extent Griffin seeks habeas relief, that is, release from confinement, "federal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489 (1973). "Despite the absence of an exhaustion requirement in the statutory language of section 2241(c)(3), a body of case law has developed holding that although section 2241 establishes jurisdiction in the federal courts to consider pre-trial habeas corpus petitions, federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner." *Dickerson v. State of La.*, 816 F.2d 220, 225 (5th Cir. 1987) (citing cases). Relatedly, "[i]n *Younger v. Harris*, [401 U.S. 37, 43–44 (1971)], the Supreme Court advanced the position that federal courts should refrain from interfering with pending state judicial proceedings absent extraordinary circumstances." *Harmon v. City of Kansas City, Mo.*, 197 F.3d 321, 325 (8th Cir. 1999).

Abstention here is appropriate because Griffin is involved with ongoing state court criminal proceedings and his allegations do not show that he exhausted his state court remedies. Specifically, the Court finds that Griffin's assertions do not constitute "special" or "extraordinary" circumstances that require intervention by the Court. *See, e.g.*, *Benson v. Superior Court Dept. of Trial Court of Mass.*, 663 F.2d 355 (1st Cir. 1981) (the specific double jeopardy claim alleged was not extraordinary given the lack of exhaustion).

3

Moreover, the Court finds Griffin has not stated a claim with the specificity necessary for habeas review and, thus, has not presented a cognizable claim. *Castonguay v. Tecumseh Inst.*, No. 4:11CV3145, 2012 WL 1118420, at *4 (D. Neb. Apr. 3, 2012) (citing *McDonald v. Bowersox*, 101 F.3d 588, 596 (8th Cir.1996) (holding that the bare assertion of an Eighth Amendment violation failed to state a cognizable claim)). Griffin's citations to the Omaha Municipal Code and a Missouri state case, Filing No. 1 at 6, as his sole ground for habeas relief does not set forth a cognizable habeas claim. Accordingly, the Court will dismiss the petition without prejudice because it "plainly appears from the petition . . . that [Griffin] is not entitled to relief." *See* Rule 4 of the *Rules Governing Habeas Corpus Cases*.

Because "the detention complained of arises from process issued by a state court," Griffin must obtain a certificate of appealability. *See* 28 U.S.C. § 2253; Fed. R. App. P. 22(b)(1); *see also Hoffler v. Bezio*, 726 F.3d 144, 153 (2d Cir. 2013) (collecting cases of courts that ruled a state prisoner who petitions for habeas relief under 28 U.S.C. § 2241 must obtain a certificate of appealability). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). The Court has applied the appropriate standard and determined that Griffin is not entitled to a certificate of appealability.

IT IS THEREFORE ORDERED that:

1.     Griffin's Motion for Leave to Proceed in Forma Pauperis, Filing No. 4, is granted.

2.     The petition for writ of habeas corpus, Filing No. 1, is dismissed without prejudice. No certificate of appealability has been or will be issued.

3.     The Court will enter judgment by separate document.

4.   Griffin's motion to update and amend exculpatory information, Filing No. 5, is denied as moot.

Dated this 11th day of February, 2025.

BY THE COURT:

*John M. Gerrard*

John M. Gerrard
Senior United States District Judge